AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

NORTHERN District of OHIO

**FILED**
2018 FEB 22 PM 3:49
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

UNITED STATES OF AMERICA
V.
DONTE L. GIBSON
*Defendant*

**ORDER OF DETENTION**
Case Number: 5:18MJ1044

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense
  for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  under 18 U.S.C. § 924(c).
(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PRELIMINARY EXAMINATION FINDINGS

At the preliminary hearing, United States Postal Inspector ("USPI") Mark Kudley testified that he received information from two branches of the United States Postal Service located in Ohio regarding parcels shipped from China to post-office boxes at the branches. One of the parcels contained 100 grams of a white powder that tested negative for a controlled substance. Based on the contents of this parcel, an investigation was opened. The parcel was returned to the post-office box and the individual that retrieved the parcel traveled to Defendant's residence. USPI Kudley continued, stating that shortly after intercepting the above described parcel he became aware that Defendant and his wife had been "stacking" money orders, that is, purchasing multiple money orders in increments slightly below the sum requiring the provision of identification. After identifying Defendant and his wife, USPI Kudley joined in an investigation being conducted by the FBI, IRS, and Akron Police Department. Next, USPI Kudley testified that two fingerprints and DNA were found on a parcel containing 4.5 grams of carfentanil that was delivered to one of the post-office boxes being monitored. The fingerprints matched those of Defendant. USPI Kudley testified that one parcel seized from a post-office box contained fifty-one grams of fentanyl. The cell phone used to track this parcel belonged to Defendant's wife. Continuing, USPI Kudley testified that he assisted in executing the search warrant and arrest warrant at Defendant's residence. During the search, USPI discovered envelopes and mylar bags that matched those found in the intercepted parcels, as well as seven keys to post-office boxes, including the key to the post-office box to which the fifty-one grams of fentanyl had been shipped. Additionally, USPI Kudley located: receipts for post-office boxes and money orders; a receipt for a parcel that was intercepted and found to contain five grams of carfentanil; a loaded magazine; and documents related to storage units. A search of two storage units resulted in the finding of approximately 695 grams of fentanyl in one storage unit and approximately $50,000.00 in the other storage unit. Following USPI Kudley's testimony, defense counsel conceded that probable cause existed based on Defendant's fingerprints being discovered on one of the parcels containing a controlled substance. Based upon this testimony of USPI Kudley, the Affidavit, and defense counsel's concession during the hearing, the Court finds that there is probable cause to believe that Defendant committed the offenses charged in the Complaint. Accordingly, the undersigned finds probable cause to hold Defendant to answer further proceedings in the District Court on the alleged offenses and orders that he be bound over to the Grand Jury.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by X clear and convincing evidence X a preponderance of the evidence that

AO 472 (Rev. 3/86) Order of Detention Pending Trial

no condition or combination of conditions will reasonably assure Defendant's appearance or the safety of the community, and that Defendant has not rebutted the presumption in favor of his detention. The factors of 18 U.S.C. § 3142(g) also warrant a finding of detention because the nature of the offense involves a controlled substance and the weight of the evidence against Defendant is strong as: Defendant's fingerprints were on a parcel containing a controlled substance; parcels at issue in this case were delivered to post-office boxes in the control of Defendant or other individuals operating with Defendant; Defendant was observed purchasing money orders in a manner so as to remain unidentified; and a search of Defendant's residence resulted in the finding of keys to the post-office boxes where the parcels were received and documents relating to storage units containing large amounts of fentanyl and currency. Defendant poses a danger to the community as the evidence supports the conclusion that he was engaged in the distribution of a large amount of controlled substances. Additionally, Defendant has a lengthy criminal record including: multiple charges of failure to comply with the order of a police officer; escape; charges of multiple violent crimes including assault and domestic violence; multiple charges involving controlled substances; and multiple charges involving weapons. Based upon the seriousness of the potential sentence, the Court finds that Plaintiff is a risk of flight or nonappearance. Further, Defendant has a lengthy history of failing to comply with court orders and failing to appear for court proceedings. For these reasons, the undersigned finds that no condition or combination of conditions will reasonably assure Defendant's appearance or the safety of the community.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| 2/22/2018 | _[signature]_ |
|---|---|
| Date | Signature of Judicial Officer |
| | UNITED STATES MAGISTRATE JUDGE |
| | Name and Title of Judicial Officer |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).